IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | 2:10-cr-00211-GEB-2 |
| v. ) | ORDER DENYING MOTION FOR |
| CEDRIC ROBERSON, ) | RELEASE PENDING APPEAL[*] |
| Defendant. ) | |
| _____ ) | |

Defendant Cedric Roberson moves under 18 U.S.C. § 3143(b) for release pending appeal of his sentence, arguing "release is mandated because [he] satisfies each of the [three] conditions for release pending appeal." (Def.'s Mot. 3:19-20, ECF No. 367.) The gravamen of Defendant's motion is his argument that the Court erred in denying his objection to the three level sentencing enhancement under U.S.S.G. § 3B1.1(b) for his role in the offense as a manager or supervisor. Id. at 4:21-9:15. Defendant argues under § 3143(b) that his motion should be granted because his appeal on the § 3B1.1(b) issue will "'raise[] a substantial question of law or fact likely to result in' a reduced

_____

[*]    This matter is deemed suitable for decision without oral argument since decision does not depend upon disputed evidence. See United States v. Farran, 611 F. Supp. 602, 605 n.1 (S.D. Tex. 1985)(indicating a hearing is unnecessary on a motion for release pending bail when the determinative issue "is a question of law"); see also United States v. Brown, 755 F. Supp. 942 (D. Colo. 1991)(deciding motion for release pending appeal upon briefs stating "oral argument will not materially assist [the Court] in ruling upon the . . . motion").

1 sentence to a term of imprisonment less than the total of the time
2 already served plus the expected duration of the appeal process.'" Id.
3 at 2:7-11 (citing § 3143(b)(1)). In support of this argument, Defendant
4 contends: "the portions of the Pre-Sentence Report [("PSR")] that the
5 Court relied upon in applying the 3 level enhancement" do not evince
6 that he "directed the other individuals involved . . . ." Id. at 5:21-
7 26.

8       The government opposes the motion, rejoining *inter alia*, that
9 "[D]efendant fails to present a substantial question of law on appeal
10 that is likely to lead to relief." (Gov't's Opp'n 1:22, ECF No. 374.) The
11 government argues: "[Defendant's appeal] is an utterly ordinary
12 sentencing appeal that challenges the application of undisputed facts
13 found in the PSR to settled Ninth Circuit law." Id. at 4:1-2. The
14 government further argues: "While the defendant may characterize the
15 facts differently, he does not dispute that these facts are in the
16 record[,]" and those facts "show a level of responsibility over others
17 in the scheme and support the Court's conclusion that he was a manager
18 or supervisor." Id. at 4:12-15.

19         In general, persons convicted of federal
20         crimes are not eligible for release pending appeal
        unless a court finds "(A) by clear and convincing
21         evidence that the person is not likely to flee or
        pose a danger to the safety of any other person or
22         the community if released . . . ; and (B) that the
        appeal is not for the purpose of delay and raises a
23         substantial question of law or fact likely to
        result in- . . .(iv) a reduced sentence to a term
24         of imprisonment less than the total of the time
        already served plus the expected duration of the
25         appeal process."

26 United States v. Garcia, 340 F.3d 1013, 1015 (9th Cir. 2003)(quoting §
27 3143(b)(1)). "A 'substantial question' is one that is fairly debatable
28 or fairly doubtful; it is one of more substance tha[n] would be

1  necessary to a finding that it was not frivolous." <u>United States v.</u>
2  <u>Montoya</u>, 908 F.2d 450, 451 (9th Cir. 1990)(citations and internal
3  quotation marks omitted). "As the moving party, it is [Defendant's]
4  burden" to raise "a 'fairly debatable' issue on appeal." <u>Id.</u>

5          Defendant's motion is denied since he has not shown that his
6  appeal will raise "a substantial question of law or fact." Defendant
7  does not dispute the factual statements contained in the PSR, upon which
8  the Court relied in applying § 3B1.1(b)'s three level enhancement. Those
9  uncontroverted facts and the inferences that can reasonably drawn
10 therefrom evince that Defendant occupied a managerial or supervisory
11 role in the criminal activity. <u>See</u> <u>United States v. Riley</u>, 335 F.3d 919,
12 929 (9th Cir. 2003)(affirming application of § 3B1.1(b) enhancement
13 where defendant produced counterfeit money orders for his coconspirators
14 and received a share of the profits); <u>United States v. Hernandez</u>, 952
15 F.2d 1110, 1119 (9th Cir. 1991)(indicating the recruitment and
16 transportation of others is relevant in determining whether an
17 enhancement under § 3B1.1(b) is appropriate); <u>see also</u> <u>United States v.</u>
18 <u>Egge</u>, 223 F.3d 1128, 1132 (9th Cir. 2000)(stating this enhancement is
19 "appropriate as long as [the defendant] managed at least one
20 participant").

21         As stated during the sentencing hearing, Defendant recruited
22 others to participate in the conspiracy, and assisted others by bringing
23 checks to them personally, going with them to cash the checks, and/or
24 providing cash payment after the checks were cashed. (PSR ¶¶ 5, 15, 17,
25 22, 24, 39, 44, 51, 53.) Defendant independently recruited at least three
26 people. (PSR ¶ 17.)

27         The nature of Defendant's interactions with at least two people
28 involved in the offense also evince his supervisory role. In his

interactions with Aisha Stephens, Defendant responded to her questions concerning whether she needed to provide any documentation to obtain the money, and he was given access to her bank account. (PSR ¶¶ 25-26.) During one occasion when Defendant accompanied Felicia Edwards to cash a check, Defendant provided verification information to the teller during the transaction. (PSR ¶¶ 44.)

Further, the sentencing factual record supports drawing the reasonable inference that Defendant himself received proceeds from the conspiracy: Defendant stated he and his mother decided to proceed with the conspiracy despite the risk of criminal prosecution for financial reasons, including Defendant's college education and the expense of his recent criminal case (PSR ¶ 14); Defendant and his mother handled finances together (PSR ¶ 16); Defendant made cash deposits obtained from cashing the checks into a checking account he held jointly with his mother (PSR ¶ 53); and Defendant sued Alexa Orellen in small claims court over the proceeds from one check (PSR ¶6).

For the stated reasons, Defendant's motion for release pending appeal is denied.

Dated:  December 5, 2012

GARLAND E. BURRELL, JR.
Senior United States District Judge